## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

     Plaintiff

vs.

CHARLIE FOR GOVERNOR
PO BOX 11624
HARRISBURG, PA 17108

AND

CHARLES GEROW
4725 CHARLES RD.
MECHANICSBURG, PA 17050

AND

MARGUERITE LUKSIK
206 HABICHT ST.
JOHNSTOWN, PA 15906

     Defendants.

Case No. 22-4013

JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

And now comes Answering Defendant, Charles Gerow, Esq., and respectfully sets

forth the following as Answer to Plaintiff's allegations:

1. This averment is a conclusion of law and Plaintiff's own commentary on the legislative history of the Statute to which no responsive pleading is required.

2. Denied.

3. Answering Defendant is without knowledge or information upon which to form a conclusion as to the truth or falsity of this averment. Strict proof is demanded.

4. Answering Defendant is without knowledge or information upon which to form a conclusion as to the truth or falsity of this averment. Strict proof is demanded.

5. This averment is not addressed to Answering Defendant. By way of further Answer Defendant believes that "Charlie for Governor" was officially terminated as a registered Political Committee on or about

6. Admitted in part. Denied in part. It is admitted that Defendnat is a resident of Pennsylvania. It is specifically denied that he "directed illegal robocalls."

7. This averment is not addressed to Answering Defendant.

8. This averment is a conclusion of law to which no responsive pleading is necessary.

9. This averment is a conclusion of law to which no responsive pleading is necessary.

10. This averment is a conclusion of law to which no responsive pleading is required.

11. This averment is a conclusion of law to which no responsive pleading is required.

12. This averment is a conclusion of law to which no responsive pleading is required.

13. Denied.

14. This averment is a conclusion of law to which no responsive pleading is necessary.

15. This averment is a conclusion of law and Plaintiff's own commentary and musings on the legislative history of the Statute to which no responsive pleading is necessary.

16. This averment is a conclusion of law and Plaintiff's own commentary on the legislative history of the Statute to which no responsive pleading is necessary.

17. This averment is a conclusion of late to which no responsive pleading is required.

18. This averment is a conclusion of law to which no responsive pleading is required.

19. This averment is a conclusion of law to which no responsive pleading is required.

20. This averment is a conclusion of law and Plaintiff's own commentary to which no responsive pleading is required.

21. Admitted in part. Denied in part. It is admitted that answering Defendant WAS a candidate for Governor of Pennsylvania (prior to May 17, 2022). It is denied that answering Defendant "organized and orchestrated" any calls.

22. Denied.

23. This averment is a conclusion of law to which no responsive pleading is required.

24. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

25. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

26. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

27. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

28. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

29. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

30. This averment contains allegations outside the scope of Answering Defendant's knowledge. Strict proof is demanded.

31. This averment is a conclusion of law to which no responsive pleading is required.

32. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

33. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

34. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

35. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

36. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded. Additionally, this averment contains conclusions of law to which no responsive pleading is necessary.

37. This averment is a conclusion of law to which no responsive pleading is necessary.

38. This averment is a conclusion of law to which no responsive pleading is necessary.

39. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

40. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

41. This averment is a conclusion of law to which no responsive pleading is required.

42. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

43. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

44. Answering Defendant is without sufficient knowledge or information to form a judgment as to the truth or falsity of this averment. Strict proof is demanded.

45. Admitted.

46. Denied. It is specifically denied that Plaintiff was harmed. To the contrary, Defendant believes that Plaintiff has systematically maintained a phone number which he has used for the purpose of "trapping" callers and has habitually and consistently filed suits or threatened to file suits based upon calls received, thus creating a cottage industry for himself, something that the Statute nor Congress ever intended to be allowed.

47. Answering Defendant incorporates all Answers to all previous paragraphs as if set forth at length.

48. This averment is a conclusion of law to which no responsive pleading is necessary.

49. This averment is a conclusion of law to which no responsive pleading is necessary.

50. This averment is a conclusion of law to which no responsive pleading is required.

51. Denied.

52. Answering Defendant incorporates all Answers to all previous paragraphs as if set forth at length.

53. This averment is a conclusion of law to which no responsive pleading is required. By way of further Answer it is denied.

54. This averment is a conclusion of late to which no responsive pleading is required.

55. It is denied that Plaintiff is entitled to any equitable or injunctive relief. The age old maxim that "he who seeks equity must do equity" is at issue here. Plaintiff's history of habitual abuse of the Statute under which he claims relief is sufficient to deny him any equitable relief.

56. Denied.

WHEREFORE, Answering Defendant respectfully requests that

This Honorable Court dismiss with prejudice Plaintiff's Complaint,

Together with any other relief it many deem appropriate.

Respectfully submitted,

BY: _____

Charles R. Gerow, Esq.
Attorney ID #32888
4725 Charles Road
Mechanicsburg, PA 17050
Cgerow@quantumcomms.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the above captioned Answer to

Complaint to be served upon:

> ANDREW PERRONG
> 1657 The Fairway, #131
> Jenkintown, PA 19046

By First Class United States Mail, postage prepaid, on December 19, 2022

BY: _____

Charles R. Gerow, Esq.