## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW R. PERRONG,

        Plaintiff,

    vs.

CHARLIE FOR GOVERNOR, CHARLES
GEROW, AND MARGUERITE LUKSIK

        Defendants.

Case No. 2:22-cv-04013

**Plaintiff's Motion for Summary Judgment**

## Table of Contents

**I.**  **Introduction** ........................................................................................................ 1

**II.**  **Factual Background** ........................................................................................ 1

**III.**  **Summary Judgment Standard** ...................................................................... 2

**IV.**  **Argument** ......................................................................................................... 4

   A.   The undisputed evidence in this case demonstrates that the Plaintiff has proved his claim under the TCPA for prerecorded robocalls and is therefore entitled to judgment as a matter of law as to Defendants Gerow and Charlie for Governor on Count One of his complaint. .......... 4

   B.   If this Court grants summary judgment, it can dispose of this case. ............................... 11

**V.**  **Conclusion** ....................................................................................................... 12

## <u>Table of Citations</u>

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ....................................................... 2, 3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).................................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................. 2, 3

*Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007) ....................................................... 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................................ 4

*Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988 (N.D. Ill. 2016).................................. 7, 8

*Harrington v. Roundpoint Mortg. Servicing Corp.*, 2017 U.S. Dist. LEXIS 55023 (M.D. Fla. Apr. 10, 2017) .............................................................................................................. 7

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984)............................................ 4

*In re Fresh & Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141 (D. Idaho 2011) .............. 8

*Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340 (E.D. Mich. Nov. 8, 2013) .............................................................................................................. 6

*Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129 (E.D.N.Y. 2015)........................... 11

*Juday v. Merck & Co Inc*, 730 F. App'x 107 (3d Cir. 2018)............................................... 3

*Klein v. Just Energy Grp., Inc.*, No. CV 14-1050, 2016 WL 3539137 (W.D. Pa. June 29, 2016) . 7

*Kristensen v. Credit Payment Servs.*, 879 F.3d 1010 (9th Cir. 2018)...................................... 6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ........................... 3

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012)................................................... 4

*Perrong v. Space Coast Marketing, LLC*, No. 2:18-cv-05510 (E.D. Pa. July 17, 2019).......... 6, 11

*Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664 (E.D. Pa. Apr. 5, 2018)............................. 11

*Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452 (D.N.J. July 31, 2008) .............................................................................................................. 4

*Robertson v. Horton Bros. Recovery*, No. 2:07-cv-1656-JJF, 2007 WL 2009703 (D. Del. July 3, 2007) .............................................................................................................. 3

*United States v. Martinez*, 613 F.2d 473 (3d Cir. 1980) .................................................. 7

*Venneman v. BMW Fin. Servs. NA, LLC*, 990 F. Supp. 2d 468 (D.N.J. 2013) .............................. 3

*W. Easton Two, LP v. Borough Council of W. Easton*, 489 F. Supp. 3d 333 (E.D. Pa. 2020) ....... 3

*Walden v. Fiore*, 571 U.S. 277 (2014) ................................................................. 5

*Wishkin v. Potter*, 476 F.3d 180 (3d Cir. 2007) ...................................................... 3

**Statutes**

28 U.S.C. § 1331 ........................................................................................ 4

28 U.S.C. § 2412(a)(1) ................................................................................ 12

47 U.S.C. § 227(b)(1)(A)(iii) ..................................................................... 5, 10

47 U.S.C. § 227(b)(3)(B) ............................................................................ 11

47 U.S.C. § 312(f)(1) ................................................................................ 12

Fed. R. Civ. P. 4(h)(1)(B) .......................................................................... 11

Fed. R. Civ. P. 56 ...................................................................................... 2

**Other Authorities**

Affidavit of Service on Charlie for Governor, ECF No. 6 .......................................... 11

Affidavit of Service, ECF No. 5 ..................................................................... 5

Complaint, ECF No. 1 ............................................................................... 1, 5

Declaration of Andrew Perrong ................................................................ 5, 9, 10

Defendant's Answer, ECF No. 8 ...................................................................... 1

Defendant's Second Answer, ECF No. 9 .............................................................. 2

Exhibit A, Pennsylvania Secretary of State Record for Charlie for Governor Committee ........... 4

Exhibit B, Deposition of Charles Gerow ...................................................... 6, 10, 12

Exhibit C, Anveo Telephone Records .............................................................. 10

*In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013) ..................... 7, 8

Order Granting Motion to Compel Rule 26(f) Conference, ECF No. 12 ....................................... 2

Restatement (Third) of Agency ................................................................................................. 7, 8

## I.   INTRODUCTION

The evidence in this case is straightforward. The Plaintiff received two prerecorded "robocalls" placed by the Defendant on May 6th and 7th, 2022. Those prerecorded calls were sent to the Plaintiff's telephone number for which he is charged for the calls, in violation of the Telephone Consumer Protection Act ("TCPA"). Defendant Gerow admits he recorded those calls. Accordingly, Defendant Gerow has admitted he violated the TCPA. Because there is no genuine issue of material fact as to the Plaintiff's prerecorded call TCPA claim, he is entitled to judgment as a matter of law against Gerow on that claim.

This Court can similarly dispose of the Plaintiff's remaining claims here. Because Defendant Charlie for Governor has not appeared, it is in default and this Court can enter judgment against Defendant Charlie for Governor jointly and severally with Defendant Gerow as to count one of Plaintiff's complaint. Similarly, the Plaintiff withdraws without prejudice his claims against Defendant Marguerite Luksik and count two of his complaint relating to Defendant's alleged use of an Automatic Telephone Dialing System ("ATDS"). This Court can therefore proceed to enter judgment in the Plaintiff's favor.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant summary judgment as to Count One in his complaint, and enter judgment, jointly and severally, against Defendants Charlie for Governor and Charles Gerow in the amount of $3,000.

## II.   FACTUAL BACKGROUND

On October 6, 2022, the Plaintiff filed his initial complaint in this matter. (ECF No. 1). Thereafter, on December 20, 2022, Defendant Charles Gerow ("Gerow" or "Defendant"), filed his answer Plaintiff's complaint. (ECF No. 8). Perplexingly, Gerow filed an identical answer the

1

following day. (ECF No. 9). Defendant ignored the Plaintiff for months and this Court compelled the Defendant to conduct a Rule 26(f) conference on July 18, 2023. (ECF No. 12).

Thereafter, the parties conducted limited discovery. For his part, the Plaintiff sent the Defendant a set of requests for production, interrogatories, and requests for admission. Defendant objected to nearly every single one of those requests and did not produce a single document in response. Thereafter, the Plaintiff took Defendant's deposition, wherein Defendant admitted to recording one of the the calls at issue. And apart from taking the Plaintiff's deposition, the Defendant propounded no discovery on Plaintiff. This motion, in which the Plaintiff presents undisputed material evidence sufficient to demonstrate his entitlement to summary judgment, follows.

### III.   SUMMARY JUDGMENT STANDARD

The standard for a motion for summary judgment is well established before this court. Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the party seeking summary judgment, the Plaintiff bears the initial burden of demonstrating the absence of a genuine issue of material fact, that is, one that affects the outcome of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court must grant summary judgment if the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). Furthermore, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Id.* And, though the court must "examine the evidence of record in the light most favorable to the party opposing summary judgment," it only needs to hold that a "fair-minded jury could return a verdict for the plaintiff

on the evidence presented." *W. Easton Two, LP v. Borough Council of W. Easton*, 489 F. Supp.
3d 333, 349 (E.D. Pa. 2020) (quoting *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007);
*Anderson*, 477 U.S. at 252). Where the record as a whole–as here, where the Defendant has not
presented a defense–cannot lead a rational trier of fact to find for the non-moving party, there is
no genuine issue for trial and the court should grant summary judgment in favor of the moving
party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

And, once the moving party has met this initial burden, the non-moving party "must do
more than simply show that there is some metaphysical doubt as to the material facts."
*Matsushita*, 475 U.S. at 586. Instead, the non-moving party "must make a sufficient showing on
each essential element of the case." *Celotex*, 477 U.S. at 322. The non-moving party may not
merely rest on its pleadings, unsupported assertions, bare allegations, speculation, or generalized
denials of the facts. *See Venneman v. BMW Fin. Servs. NA, LLC*, 990 F. Supp. 2d 468, 471
(D.N.J. 2013). Rather, it must produce evidence, going beyond the pleadings, designating
specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *See W.
Easton*, 489 F. Supp. 3d at 349. Gerow is unable to do so here because he undertook no
discovery and therefore cannot demonstrate a factual dispute such as to render summary
judgment inappropriate here. *Juday v. Merck & Co Inc*, 730 F. App'x 107, 112 (3d Cir. 2018);
*accord Robertson v. Horton Bros. Recovery*, No. 2:07-cv-1656-JJF, 2007 WL 2009703, at *3 (D.
Del. July 3, 2007) (assessing damages after granting motion for judgment as a matter of law
when "[defendant] did not propound any written discovery in this case").

## IV. ARGUMENT

A.   *The undisputed evidence in this case demonstrates that the Plaintiff has proved his claim under the TCPA for prerecorded robocalls and is therefore entitled to judgment as a matter of law as to Defendants Gerow and Charlie for Governor on Count One of his complaint.*

As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties before considering the adequacy of the Plaintiff's claims. *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452 at *9 (D.N.J. July 31, 2008). These requirements are satisfied here. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court also has personal jurisdiction over the Defendants. There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). This Court may properly exercise *general* personal jurisdiction over Defendants Gerow and Charlie for Governor because both are domiciled in Pennsylvania.

The "paradigm all-purpose forum[] for general jurisdiction is a corporation's place of incorporation." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). And Defendant Charlie for Governor was a Pennsylvania Political Action Committee at the time of the alleged illegal conduct. (Exhibit A, Pennsylvania Secretary of State Record for Charlie for Governor Committee). When considering personal jurisdiction over an individual, physical presence and

4

residence in a state is sufficient for the Court to exercise personal jurisdiction over a resident defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Accordingly, this Court has general personal jurisdiction over Defendant Gerow because he resides in Pennsylvania. (Affidavit of Service, ECF No. 5). Because this Court has both subject matter and personal jurisdiction over the Defendants, it can proceed to consider the merits of Plaintiff's claims.

In Count One of his Complaint, the Plaintiff alleges that the Defendants violated the prerecorded message provision of the TCPA. (Complaint ¶ 47–50). Plaintiff appears to have made a typo in his complaint, but to be clear, the Plaintiff alleges a violation of 47 U.S.C. § 227(b)(1)(A)(iii). Under the plain text of that statute, it is unlawful "for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any . . . artificial or prerecorded voice . . . to any telephone number assigned to . . . any service for which the called party is charged for the call." *Id.* Thus, to prevail on Count One, the Plaintiff must demonstrate (1) that the Defendants made the two calls alleged, (2) using any artificial or prerecorded voice, (3) to any telephone number assigned to any service for which the called party is charged for the call. The Plaintiff here demonstrates that there is no genuine issue of material fact to any one of these elements and that he is therefore entitled to judgment as a matter of law on count one of his complaint.

The Defendants Made the Calls

There are two calls at issue in this case, true and correct transcripts of which are reproduced in the Declaration of Andrew Perrong attached herein. (Perrong Dec. ¶ 5, 6). The first call did not include Gerow's voice, but was rather voiced by Marguerite Luksik and encouraged the Plaintiff to attend a "townhall meeting over the telephone" with Defendant Gerow. Gerow testified that Luksik was the "campaign manager" for the Charlie for Governor

campaign. (Exhibit B, Gerow Dep. 9:25). When asked whether he or the campaign authorized the sending of this call, Defendant stated "I don't know." (Gerow Dep. 12:17). When pressed, Gerow admitted to knowledge of some circumstances surrounding this call, including that the "Tela-Town Hall . . . program was suggested to us by Congressman [G.T.] Thompson." (*Id.* 12:24–25, 13:1–5). The second call, in addition to including Luksik's voice, also included Gerow's voice, and Gerow admitted that his voice the call "was prerecorded, I'm sure" and that he used his telephone to record it. (*Id.* 14:3–7, 13).

Based on the foregoing facts, the Plaintiff has demonstrated that there is no genuine issue of material fact that the Defendants "made" the two calls at issue here. Starting with the second call, the fact that Gerow made the prerecorded message sent in the call by recording it renders him directly liable for placing it under the TCPA's provisions. Courts regularly uphold personal liability against individual Defendants in TCPA cases when they were alleged to have voiced the call at issue. *Perrong v. Space Coast Marketing, LLC*, No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019) (imposing individual liability on individual alleged to have voiced the call); *accord Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013) (imposing liability on corporate officer when the corporate officer paid for and authorized advertisements). Similarly, Defendant Gerow is vicariously liable for "making" the first call because he evidently authorized it. He did not deny authorizing the call, does not disclaim it, and it makes sense that his campaign manager had actual authority, if not apparent authority, to make it on his behalf. Relatedly, the Charlie for Governor Campaign is also likewise liable for the aforementioned calls on a vicarious liability theory.

The FCC's 2013 ruling in *Dish Network* governs vicarious liability under the TCPA. *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2018). In *Dish*, the FCC

explained that entities can be liable for making calls under the TCPA in accordance with tort-related vicarious liability rules, including actual authority, apparent authority, and ratification principles. *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6588 (2013); *Klein v. Just Energy Grp., Inc.*, No. CV 14-1050, 2016 WL 3539137, at *9 (W.D. Pa. June 29, 2016). Both Defendant Gerow and Defendant Charlie for Governor are vicariously liable for the first call, and Defendant Charlie for Governor is vicariously liable for the second call under any one of the three generally accepted theories of vicarious liability: actual authority, apparent authority, and ratification. For TCPA claims specifically, there is a low bar to proving vicarious liability, as a plaintiff is *not* expected to allege "facts suggesting that" the defendant "instructed" the putative agent "to make the call to" the plaintiff, "had any authority over the time, means and manner of" the putative agent's solicitations, or "had the ability to issue instructions … on these subjects." *Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 997 (N.D. Ill. 2016).

"Actual authority is the authority that a principal expressly or implicitly gives an agent." *United States v. Martinez*, 613 F.2d 473, 481 (3d Cir. 1980). Here, there is actual authority for the non-direct liability calls because the respective callers "reasonably believ[ed], in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01. Actual authority "does not require the principal to specify the singular acts for which his or her authority exists as long as the acts are incidental to or reasonably necessary to accomplish what is authorized." *Harrington v. Roundpoint Mortg. Servicing Corp.*, 2017 U.S. Dist. LEXIS 55023, at *21 (M.D. Fla. Apr. 10, 2017).

Here, it makes sense that Defendants Gerow and Charlie for Governor would authorize the placement of the first call as accomplishing their goals in advancing a candidate's campaign. Likewise, it also makes sense that Defendant Charlie for Governor would authorize the second

call for the same reasons. A political campaign acts only though its employees and volunteers, and the actions it takes are ultimately done with the ultimate goal of advancing a particular candidate's political aspirations. So too with the candidate himself, who acts through the campaign for the purpose of his candidacy. And, for a TCPA claim, a plaintiff sufficiently pleads that a defendant directed an agent's calls by alleging facts giving rise to an inference that the defendant was "heavily involved" in the "sales practices and marketing procedures." *Dolemba*, 213 F. Supp. 3d at 997. Accordingly, the Plaintiff has adequately demonstrated actual authority.

But even if this Court were to hold here that the defendants alleged to be vicariously liable here did not have actual authority to make the calls, they at the very least gave their apparent authority to place the calls or ratified them. Apparent authority "arises when a third-party reasonably believes that the [] agent had authority to act on behalf of the principal and that belief can be traced to the principal's own manifestations." *In re Fresh & Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141, 1167–68 (D. Idaho 2011). "Ratification occurs when a principal knowingly chooses to accept the benefits of unauthorized actions an agent takes on the principal's behalf." Restatement (Third) of Agency § 4.01(1) (2006) cmt. d.

"To provide guidance in this area," the FCC has provided "illustrative examples of evidence that may demonstrate that the [actual caller] is the [principal's] authorized representative with apparent authority," including "the authority to use the [principal's] trade name, trademark and service mark"; "that the [principal] approved, wrote or reviewed the outside entity's telemarketing scripts"; and "if the [principal] knew (or reasonably should have known) that the telemarketer was violating the TCPA." *Dish Network*, 28 FCC Rcd. at 6592. To demonstrate prospective ratification, a plaintiff must show that a principal had full knowledge of all the facts, *or* was willfully ignorant of those facts, and manifested an intention to ratify the act in

question, *or* that an agent acted for a principal's benefit and the principal "fail[ed] to object or repudiate an action." Here, the undisputed facts indicate that, as to their respective calls, Defendants Charlie for Governor and Gerow provided apparent authority to place the calls because they used Gerow's name and the fact that he was running for governor, and as a result, that he authorized the calls. Similarly, there can be no doubt that the vicariously liable defendants ratified the calls because they failed to object to or repudiate the calls, including during the interim period between them.

Ultimately, there is no factual dispute that Defendants Charlie for Governor and Gerow made the calls. Gerow is directly liable for the second call because he admits he made it by recording it. Both Gerow and the Charlie for Governor campaign are vicariously liable for "making" the first call under any one of the three theories articulated. Finally, the Charlie for Governor campaign is vicariously liable for "making" the second call, again, under any one of the three vicarious liability theories articulated. The Plaintiff therefore has demonstrated that he is entitled to judgment as a matter of law as to the first element of his claim because there can be no dispute that the Defendants placed the calls.

<u>The Calls Used Prerecorded Voices</u>

As to the second element, there can be no question the calls Plaintiff received used prerecorded voices. As the Declaration of Andrew Perrong attached herein demonstrates, Plaintiff reviewed his recordings of the calls he received. (Perrong Dec. ¶ 5, 6). The calls were prerecorded because they played all the way through without stopping. (Perrong Dec. ¶ 7). The Plaintiff even spoke on the calls and the call did not terminate, pause, or demonstrate any other indicia that a human being was on the line. (Perrong Dec. ¶ 8). They were incapable of having a conversation, including because Plaintiff attempted to press 0 to see if he could speak with someone, but this function did nothing. (Perrong Dec. ¶ 9). And, with respect to the second call,

Defendant Gerow admitted that he prerecorded his own voice on the call. (Gerow Dep. 14:3–7). Defendant has adduced no contrary evidence to demonstrate that the calls were not prerecorded. Accordingly, there is no genuine issue as to whether the calls were sent using prerecorded voices and the Plaintiff is therefore entitled to summary judgement as to this second element.

The Plaintiff was Charged for the Calls

Finally, the calls were placed to a number for which the Plaintiff was charged for the calls. Plaintiff searched the telephone records from his telephone company, Anveo, for the two calls at issue. (Perrong Dec. ¶ 11). He was able to locate the calls in his call records, and the calls were transmitted to the Plaintiff's telephone carrier with the same caller ID as on the recordings, 223-322-0908. (Perrong Dec. ¶ 13). The records from the Plaintiff's telephone company reveal that the first call on May 6 billed the Plaintiff $0.004, and that the second call on May 7 billed the plaintiff $0.04. (Exhibit C, Anveo Telephone Records). Defendant has adduced no contrary evidence to demonstrate that the Plaintiff was not charged for the calls. Accordingly, there is no genuine issue as to whether the Plaintiff was charged for the calls and the Plaintiff is therefore entitled to summary judgement as to this third and final element.

No Affirmative Defenses Apply

A defendant in a TCPA action may escape liability for violations of Subsection B of the TCPA by demonstrating that one of the two affirmative defenses applies. Those affirmative defenses include a call made for emergency purposes or a call made with the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(A). Of course, the burden lies on a defendant to prove facts which would support application of an affirmative defense, and Defendants have not done so here. Accordingly, no affirmative defense applies and the Plaintiff

remains entitled to judgment as a matter of law on count one.

B.     *If this Court grants summary judgment, it can dispose of this case.*

Granting summary judgment to Plaintiff would dispose of this case. As demonstrated above, the Plaintiff is entitled to the entry of summary judgment in his favor on count one of the complaint as to Defendant Gerow, who has appeared. Defendant Charlie for Governor is in default, and the Plaintiff has requested entry of default against Defendant Charlie for Governor because it has not appeared and its time to do so has expired, despite it being properly served through Defendant Gerow's son, who indicated that he was authorized to accept service of process on behalf of Defendant Charlie for Governor. (Affidavit of Service on Charlie for Governor, ECF No. 6); FED. R. CIV. P. 4(h)(1)(B). Defendant Marguerite Luksik, whom Plaintiff was unable to serve because she was on the run from the law, and count two of Plaintiff's claim, have yet to be disposed of. In the interest of finality in this matter at summary judgment, the Plaintiff seeks leave of the Court to voluntarily dismiss these claims without prejudice.

Assessing Damages

The TCPA is a strict liability statute and does not require that the Plaintiff prove any intent for liability. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 134 (E.D.N.Y. 2015). All that the Plaintiff must prove is that the requisite elements of each of his causes of action are satisfied. *Id.* at 135. Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful. 47 U.S.C. § 227(b)(3)(B); *Space Coast Marketing*, No. 2:18-cv-05510, at *1; *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in

violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). Here, treble damages are appropriate because no facts indicate that the Defendants were acing under duress or other than voluntarily. Indeed, Defendants acted on suggestions to make the illegal robocalls complained of based on input from others in the campaign. (Gerow Dep. 12:24–25, 13:1–5). Defendants have not demonstrated the existence of any disputed fact which would tend to support the conclusion that treble damages are unwarranted. Thus, for summary judgment purposes, the Plaintiff is entitled to treble damages on the two calls alleged in Count One, for a total judgment in his favor of $3,000, jointly and severally against Defendants, together with costs as a prevailing party under 28 U.S.C. § 2412(a)(1).

## V.   CONCLUSION

This Court should GRANT Plaintiff's motion for summary judgment as to count one of his complaint and award judgment in his favor in the amount of $3,000, against Defendants Charlie for Governor and Charles Gerow, jointly and severally.

Dated: **January 15, 2024**

_____/s/_____

Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## **CERTIFICATE OF SERVICE**

       Plaintiff certifies that on January 15, 2024, he filed the foregoing via CM/ECF, which will automatically send a copy to all attorneys of record on the case. Furthermore, Plaintiff certifies that he sent a copy of the foregoing via first class mail to:

Charlie for Governor
4725 Charles Rd.
Mechanicsburg, PA 17050

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com