IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

    Plaintiff

vs.

CHARLIE FOR GOVERNOR, CHARLES
GEROW, AND MARGUERITE LUKSIK

    Defendants.

Case No. 2:22-cv-04013

JURY TRIAL DEMANDED

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Charles R. Gerow, Defendant, pro se, and files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 with this Honorable Court and sets forth in support thereof the following:

1. Plaintiff Andrew Perrong brings this matter, as he has by his own admission done so many times over the past decade that he doesn't know how many (Perrong Deposition Page 15 Lines 7-1000), under the provisions of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. Section 227.

2. Plaintiff makes only the facial assertion that Defendant Charles Gerow "…directed the illegal robocalls complained of herein." (Averment 6 of Plaintiff's Complaint) and together with the other named Defendants "…organized and orchestrated the calling campaign at issue." (Averment 21 of Plaintiff's Complaint)

3. It is undisputed that Plaintiff has no evidence whatsoever that Defendant, Charles Gerow, in any way "directed" or "organized and orchestrated' the calls. Rather Plaintiff relies solely on the alleged fact that Defendant Charles Gerow's voice was part of the recording to conclude "based upon

common knowledge of how political campaigns operate" that he did. Beyond that he admits he has no basis on which to make the allegation. (Perrong Deposition Page 35-36, most especially Page 36, Lines 3-8)

4. Mere conjecture and suspicion is not sufficient to sustain a cause of action. Accordingly Summary Judgment should be granted in favor of Defendant, Charles Gerow.

5. It is also undisputed that Defendant Marguerite Luksik was never properly served with Plaintiff's Complaint (Perrong Deposition Page 40, Lines 14-15)

6. It is undisputed that Plaintiff is not certain how service was made on Defendant Charlie for Governor (Perrong Deposition Page 36-37) It is additionally undisputed that Defendant Charles Gerow never accepted service, entered an appearance for or otherwise represented or represents Defendant Charlie for Governor.

7. It should not be disputed that Defendant Charlie for Governor was officially terminated several months before Plaintiff filled his complaint. While Plaintiff alleges that he investigated and determined that there was no indication of termination the Department of State records clearly indicate that the committee was terminated on or about June 15, 2020. (Www.pavoterservices.pa.gov/ElectionInfo/CommitteeInfo (copy attached)

8. Inasmuch as Plaintiff has acknowledged that proper service was never made on Defendant Marguerite Luksik and has provided no evidence of service on Defendant Charlie for Governor and acknowledges that he is not certain about how service could have been effectuated, the lone Defendant is now Charles Gerow and, accordingly, the entire Complaint should be summarily dismissed. This Honorable Court is empowered to do this sua sponte.

9. Plaintiff also admits that the calls made were from "lists" he alleges were supplied to the actual maker of the calls, "Tele-Town Hall," by Defendants. (Perrong Deposition, Pages 34-35, most especially Page 34, Lines 14-21)

10. Plaintiff is undoubtedly aware of cases such as *Andrew R. Perrong v. Montgomery County Democratic Committee, et al*. (USDC, E.D., Pennsylvania, 22-cv-4475) which contains an excellent analysis of the TCPA by this Honorable Court following *Panzarella v. Navient Sols, Inc*,

37F.4th 867(3D Cir. 2022) and dictum there suggesting that list-based calling does not violate the TCPA.

11. For the same reasons This Honorable Court granted Defendant's Motion to Dismiss in *Perrong v. Montgomery County Democratic Committee*, so should This Honorable Court now grant Defendant's Motion for Summary Judgment.

12. Under the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Here the averments set forth above together with the referenced pleadings, depositions and answers to interrogatories meet the standard established for Tarantino summary judgment.

THEREFORE, Defendant Charles Gerow respectfully request This Honorable Court to grant hails Motion for Summary Judgment in favor of Defendant(s) and against Plaintiff.

        Respectfully submitted,

    BY: /s/ *Charles R. Gerow*
        CHARLES R. GEROW, ESQ.
        Attorney ID # 32888
        4725 Charles Road
        Mechanicsburg, PA 17050
        Cgerow@Quantumcomms.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, a copy of the foregoing Motion for Summary Judgment was served on Plaintiff via United States first-class mail, postage pre-paid, to:

Andrew R. Perrong
1657 The Fairway #131
Jenkintown, PA 19046

/s/ *Charles R. Gerow*
Charles R. Gerow