**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDREW R. PERRONG,

             Plaintiff,

     vs.

CHARLIE FOR GOVERNOR, CHARLES
GEROW, AND MARGUERITE LUKSIK

           Defendants.

Case No. 2:22-cv-04013

**Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment**

## I.   INTRODUCTION

Defendant Charles Gerow ("Gerow" or "Defendant") has not met his burden at summary judgment of demonstrating that he is entitled to judgment as a matter of law in his woefully deficient and barebones motion for summary judgment. On the contrary, for the reasons more fully articulated in the Plaintiff's brief, the Plaintiff, not the Defendant, is entitled to summary judgment on his claims and for the entry of judgment in his favor.

## II.   FACTUAL BACKGROUND

The facts of this case are relatively straightforward and were more fully articulated in the Plaintiff's motion for summary judgment, which was timely filed on January 15, 2024 at ECF No. 18. On January 16, 2024, Defendant Charles Gerow ("Gerow" or "Defendant") filed an untimely motion for summary judgment at ECF No. 19. Plaintiff now responds to this untimely and deficient motion.

## III.   SUMMARY JUDGMENT STANDARD

The standard for a motion for summary judgment is well established before this court. Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the party seeking summary judgment, the Defendant bears the initial burden of demonstrating the absence of a genuine issue of material fact, that is, one that affects the outcome of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Defendant also bears the burden of demonstrating that he can "prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986).

Once the moving party has met this initial burden, which Defendant has not done, the non-moving party "must do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita*, 475 U.S. at 586. Instead, the non-moving party "must make a sufficient showing on each essential element of the case." *Celotex*, 477 U.S. at 322. The non-moving party may not merely rest on its pleadings, unsupported assertions, bare allegations, speculation, or generalized denials of the facts. *See Venneman v. BMW Fin. Servs. NA, LLC*, 990 F. Supp. 2d 468, 471 (D.N.J. 2013). Rather, it must produce evidence, going beyond the pleadings, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *See W. Easton*, 489 F. Supp. 3d at 349.

## IV.   ARGUMENT

A.   *Defendant's motion must fail because it presents no valid reason why Defendant is entitled to judgment as a matter of law.*

As a preliminary matter, the Defendant filed his motion for summary judgment on January 16, 2024. It should therefore be struck as untimely and the Court should refuse to consider it. Per this Court's scheduling order of October 3, 2023, this Court set a date certain for motions for summary judgment to be filed "on or before January 15, 2024." (ECF No. 16). Plaintiff timely filed his summary judgment motion; the Defendant did not. And although the Defendant may argue that January 15, 2024 was the Martin Luther King holiday, such a holiday does not excuse his failure to timely file the motion, which was set by court order for a date certain. FED. R. CIV. P. 6(a); *Heinzl v. Cracker Barrel Old Country Stores, Inc.*, No. CV 14-1455, 2016 WL 2347367, at *11 (W.D. Pa. Jan. 27, 2016) (holding that Rule 6(a) does not apply when the Court orders a date certain). Furthermore, Defendant did not make any "effort to contact the Court to confirm that [his] calculations were correct or to request an extension of time." *Id.* at *12. Defendant's motion must therefore be stricken or otherwise denied because it is untimely.

However, in the event this Court nevertheless considers Defendant's motion, it should still be denied because the Defendant has not demonstrated that he is entitled to judgment as a

matter of law on any of the unclear and underdeveloped and baseless theories articulated in his barebones motion.

As a preliminary matter, the Plaintiff's past litigation history has no relevance to this case nor any other of his TCPA cases, as this Court and others have repeatedly confirmed. *Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at \*3 (E.D. Pa. July 15, 2021); *Perrong v. Total Ins. Brokers, LLC*, No. 8:20-CV-1905-JSM-TGW, 2021 WL 3036467, at \*4 (M.D. Fla. Apr. 2, 2021); *Cunningham v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2022 WL 2291669, at \*9 (D. Utah June 24, 2022). Such averments prove nothing and simply present an *ad hominem* attack on the Plaintiff of no value whatsoever, let alone rise to the level of justifying entry of summary judgment in the Defendant's favor.

Second, as more fully explained in Plaintiff's affirmative brief for summary judgment in his favor, the Plaintiff has demonstrated that Defendant Gerow initiated at least one of the prerecorded calls at issue because Defendant Gerow admits he recorded it. Courts regularly uphold personal liability against individual Defendants in TCPA cases when they were alleged to have voiced the call at issue. *Perrong v. Space Coast Marketing, LLC*, No. 2:18-cv-05510, at \*1 (E.D. Pa. July 17, 2019) (imposing individual liability on individual alleged to have voiced the call); *accord Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, at \*4 (E.D. Mich. Nov. 8, 2013) (imposing liability on corporate officer when the corporate officer paid for and authorized advertisements). Defendant Gerow admitted that he prerecorded his own voice on the call. (Gerow Dep. 14:3–7). He therefore admitted that he placed a call using a prerecorded voice to the Plaintiff, which is all the statute requires. 47 U.S.C. §(b)(1)(A)(iii).

And, as to the first call, and as more fully described in the Plaintiff's brief, the Plaintiff has made a more than adequate showing to demonstrate at the very least ratification, if not

3

apparent authority or implied actual authority such as to impose liability on Defendant Gerow for that call, as well. There is no question that multiple parties may initiate or otherwise place a call violative of the TCPA such as to subject them to joint and several liability thereunder. *Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 466 (D. Md. 2012), aff'd, 729 F.3d 370 (4th Cir. 2013). Moreover, it is a "well-settled" tort rule that "when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 897 (W.D. Tex. 2001) (imposing personal liability in TCPA action against corporate officer who were the "guiding spirits" and the "central figures" behind the TCPA violations).

Defendant does not represent the other Defendants in this action, Marguerite Luksik or Charlie for Governor. It is therefore inappropriate for the Court to consider any argument entering summary judgment in their favor. Nevertheless, the Plaintiff has already moved to dismiss Defendant Luksik from the lawsuit, and in his summary judgment motion moved for a default judgment against Defendant Charlie for Governor, an entity which existed at the time of the calls alleged. The returns of service and validity of service for Charlie for Governor was also articulated in the Plaintiff's motion for summary judgment. In sum, service was accomplished on this Defendant Gerow's son, who confirmed that he was authorized to accept service of process on behalf of Defendant Charlie for Governor, which is sufficient under the Rules. (Affidavit of Service on Charlie for Governor, ECF No. 6); FED. R. CIV. P. 4(h)(1)(B).

Moreover, the fact that multiple entities were involved in placing the call does not demonstrate a lack of involvement or otherwise excuse the illegal conduct on behalf of the others who may also have been involved in the calling conduct. *Cunningham v. Crosby Billing Servs., Corp.*, No. 418CV00043ALMCAN, 2018 WL 6424792, at *6 (E.D. Tex. Oct. 14, 2018). Courts

4

routinely hold multiple entities, including lead generators and list providers, liable for the illegal calling conduct at issue. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659 (4th Cir. 2019) (holding company liable for TCPA violations along with its agents); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014) (describing "downhill" series of relationships and holding that the plaintiff "need not plead the identity of every player in the alleged scheme nor every nuance of the relationships among the [d]efendants.").

Finally, this Court's decision in *Perrong v. Montgomery Cnty. Democratic Comm.*, No. 22-CV-4475, 2023 WL 4600423 (E.D. Pa. July 18, 2023), which is on appeal to the Third Circuit Court of Appeals, does not apply in this case. In *Montgomery Cnty.*, the plaintiff did *not* allege the use of a prerecorded voice, as he does and has affirmatively proved here. Rather, there, the plaintiff alleged that the defendants used an "automatic telephone dialing system," or ATDS, to place the calls, which the relevant statute defined as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A). There, the Court held that because the plaintiff did not allege that the particular system used by the defendants had the requisite capacity under the statute to qualify as an ATDS, it therefore dismissed the case. *Montgomery Cnty.*, 2023 WL 4600423, at *4. In sum, that case stood for the proposition that to qualify as an ATDS, equipment must produce telephone numbers randomly or sequentially. It said nothing about the prerecorded voices alleged and proven here. It does not stand for the proposition that ATDS use is the only way to prove a TCPA violation or that pleading ATDS use is prerequisite to a prerecorded voice claim.

## V.    CONCLUSION

The Defendant has not met his burden at summary judgment of demonstrating that he is entitled to judgment as a matter of law. To the contrary, the Defendant's undeveloped and

lackluster arguments prove nothing sufficient to rebut the Plaintiff's affirmative showing that he is entitled to summary judgment in his favor, as more fully articulated in Plaintiff's own motion for summary judgment. This Court should therefore deny Defendant's motion.

Dated: **January 29, 2024**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on January 29, 2024, he filed the foregoing via CM/ECF, which will automatically send a copy to all attorneys of record on the case. Furthermore, Plaintiff certifies that he sent a copy of the foregoing via first class mail to:

Charlie for Governor
4725 Charles Rd.
Mechanicsburg, PA 17050

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

6