## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW R. PERRONG,

          Plaintiff,

    vs.

CHARLIE FOR GOVERNOR, CHARLES
GEROW, AND MARGUERITE LUKSIK

        Defendants.

Case No. 2:22-cv-04013

**Plaintiff's Brief in Opposition to Defendant's Motion for Judgment as a Matter of Law**

## I.   INTRODUCTION

Defendant Charlie for Governor's ill-advised motion for judgment as a matter of law must be denied because it is premature as a motion for judgment as a matter of law, because it was improperly filed by Defendant Charlie Gerow, on his own behalf, purportedly in the name of Charlie for Governor, without having made an entry of appearance, and because it fails on the merits articulated in the motion.

## II.   FACTUAL BACKGROUND

The facts of this case are relatively straightforward and were more fully articulated in the Plaintiff's motion for summary judgment, which was timely filed on January 15, 2024 at ECF No. 18. In that motion, the Plaintiff moved for default judgment, or in the alternative, for summary judgment, against Defendant Charlie for Governor. On January 30, 2024, Defendant Charles Gerow, appearing on some strange basis on behalf of Defendant Charlie for Governor, but Charles Gerow not having entered an appearance for Defendant Charlie for Governor, filed a self-styled "Motion for Judgment as a Matter of Law open set aside judgment" at ECF No. 22. This legally deficient document provides no basis for denying Plaintiff's requested relief.

## III.   LEGAL STANDARD

FED. R. CIV. P. 50(a)(1) permits a party who has been "fully heard on an issue during a jury trial" to seek judgment as a matter of law. Importantly, the plain text of the rule requires the party seeking judgment as a matter of law to be fully heard on an issue *during a jury trial*. The judgment as a matter of law procedure is inappropriate at the summary judgment stage, the pleadings stage, or at a bench trial. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1172–73 (3d Cir. 1993). Second, it is well-settled that a corporate entity, such as a political action committee, cannot proceed *pro se* and must be represented by counsel. *See, e.g., Pennsylvania*

1

*Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 (E.D. Pa. 2004). Finally, Fed. R. Civ. P. 55(c) permits this court to set aside an entry of default "for good cause." In determining whether "good cause" exits, courts in this Circuit adopt a three-prong test, considering whether the defendant has a meritorious defense, whether the plaintiff would be prejudiced by vacating the default, and weather the default occurred because of the defendant's culpable conduct. *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011).

## IV.    ARGUMENT

A.    *Defendant Charlie for Governor is not entitled to judgment as a matter of law because no jury trial has occurred yet.*

The Federal Rules of Civil Procedure provide a mechanism for establishing that a moving party is entitled to judgment as a matter of law in Fed. R. Civ. P. 56, a motion for summary judgment. The deadline for motions for summary judgment has come and gone, without any appearance by Defendant Charlie for Governor. In a blatant attempt to contravene this Court's scheduling order and the summary judgment process, Defendant Charles Gerow, for improper reasons unknown, as more fully articulated below, filed this instant motion as a self-styled "Motion for Judgment as a Matter of Law open set aside judgment" at ECF No. 22.

In its "motion," Defendant Charles Gerow moves, "pro se," and "by special appearance" to set aside the judgment entered against the defendant "Charlie for Governor." Mr. Gerow's basis for doing so is unclear, as more fully explored below. Despite abusing the ECF privileges afforded Mr. Gerow, the motion cites no legal standard, let alone why Defendant Charlie for Governor is entitled to judgment as a matter of law, particularly as there has been no jury trial yet. Given the docket text, the Plaintiff, and this Court must conclude that Defendant Charles Gerow is somehow seeking a Rule 50 motion for judgment as a matter of law on behalf of the corporate entity Charlie for Governor. This argument is absurd and borders on frivolous.

By its plain text, Rule 50 permits a court hearing a jury trial to enter judgment as a matter of law once a party has been fully heard on an issue. FED. R. CIV. P. 50. The standard for such a motion mirrors that of a motion for summary judgment under Rule 56. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 135 (2000). In essence, a motion for judgment as a matter of law permits a party to renew its argument that, after presentation of evidence at trial, no reasonable jury could find for that party on that issue. *Id.* Courts are uniformly in agreement that, by its plain text, Rule 50 is and remains a *trial* motion; it is not asserted in the pleadings, and the proper method for bringing such an argument in the pleadings is a Rule 56 motion for summary judgment. *E.g.*, *Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 (E.D. Pa. 2004); *Reynolds v. Univ. of Pennsylvania*, 747 F. Supp. 2d 522, 540 (E.D. Pa. 2010), aff'd, 483 F. App'x 726 (3d Cir. 2012) (describing Rule 50(a) judgment as a matter of law as a "trial motion").

Accordingly, because there has not been a jury trial yet, Defendant's motion for judgment as a matter of law is premature. Moreover, because the summary judgment deadline has passed, it is inappropriate to construe the motion as some sort of motion for summary judgment. These facts alone warrant denial of Defendant's motion.

B.     *The motion does not warrant consideration because it is purportedly made by a co-defendant on behalf of another defendant.*

Plaintiff is unable to ascertain who is making the motion or whether Mr. Gerow purports to represent them. Plaintiff notes that a review of the ECF docket entries in this case, including the function listing attorneys who have entered their appearances in this case, reflects only that Mr. Gerow has ECF access and entered an appearance on behalf of himself. ECF Nos. 8, 9, ECF Docket Report. Confusingly, however, Defendant "Charles Gerow" appears to represent Defendant Charlie for Governor, but in the first paragraph states "Defendant Charlie for

Governor is without representation and therefore not able to file this Motion on their [sic, note also the use of the plural] own." ECF No. 22.

What Defendant attempts to do is patently impermissible. It is well settled that a corporation is a legal fiction and cannot proceed *pro se* and must be represented by counsel. *See, e.g., Pennsylvania Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 (E.D. Pa. 2004). This conclusion applies equally to political action committees, like Charlie for Governor. Although the undersigned has been unable to locate any binding precedent in this Circuit holding that a political action committee like Charlie for Governor is required to be represented by counsel, it is clear that such entities are corporations holding a corporate form and not merely a singular individual. This is so because, under Pennsylvania law, such committees are not merely *alter egoes* of an individual candidate but must, by law, consist of multiple persons. Indeed, Pennsylvania law stipulates each committee "shall have a treasurer and a chairman who may not be the same individual." *See* 4 Pa. Code § 176.5.

For the foregoing reasons, Defendant Charlie for Governor cannot proceed on its own behalf through Defendant Gerow in his capacity as a codefendant in the action. Furthermore, Mr. Gerow cannot and does not have standing to assert any claims for relief in the name of Defendant Charlie for Governor. Because the motion was impermissibly brought, these facts further warrant denial.

C.   *The motion fails on the merits because Defendant Charlie for Governor has not demonstrated "good cause" for setting aside the entry of default.*

It is possible that this Court may construe the Defendant's motion as one to set aside an entry of default. Of course, this motion cannot constitute a motion under Rule 60(b) because no default judgment has yet been entered. Therefore, the only applicable basis for potential relief is

4

through Rule 55(c). Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default "for good cause."

In examining whether "good cause" exists for setting aside an entry of default, the Third Circuit has adopted a three-part test. *Croney*, 412 F. App'x at 459. First, a court must consider whether the plaintiff would be prejudiced by a lack of default. Second, a court must consider whether the defendant has a meritorious defense. Finally, a court must consider whether the default was the result of the defendant's culpable conduct. *Id.*

As to the first factor, the Plaintiff would be prejudiced by a lack of default. The Third Circuit has recognized that, in a sense, every plaintiff would be prejudiced if they were not granted a default. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). However, the Third Circuit has not hesitated to find prejudice to a plaintiff when a defendant's obstructive conduct caused a case to nearly become time barred. *Id.* In sum, the Third Circuit articulated that prejudice to the plaintiff is particularly evident when the "defendant's own conduct" causes the prejudice. *Id.* Here, Defendant's conduct was solely to delay the proceedings at the last minute. The Defendant moves to open an entry of default against it *after* the summary judgment deadline and with a potential jury trial only a few months away. This defendant-induced prejudice is exactly the type of prejudice to a plaintiff that the Third Circuit held was sufficient in *Hritz*. This factor therefore weighs against setting aside the entry of default.

Second, the Defendant has no meritorious defense here. "Default judgments cannot be set aside simply because of a lawyer's artistry in offering ambiguous conclusions." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir. 1984). In establishing a "meritorious defense," the Defendant must have, in its motion, plead "facts" which, if established at trial, would constitute a "complete defense to the action." *Id.* Here, Defendant has not used the word

5

"meritorious defense" or advanced *any* potential defenses in its motion, let alone ones which would constitute a complete defense.

Similarly, Defendant's mere ambiguous conclusions that the Defendant was not properly served, that the Defendant was a dissolved entity at the time it was sued, and that the request for entry of default does not set an amount certain are all baseless conclusions that nevertheless do not constitute defenses to this action.

Service upon Defendant Charlie for Governor was proper. As more fully articulated in Plaintiff's Motion for Summary Judgment, the Defendant was served by personal service upon an agent who stated that he was authorized to accept service of process on behalf of Defendant Charlie for Governor. This plainly suffices under the plain text of FED. R. CIV. P. 4(h)(1)(B). Moreover, even assuming *arguendo*, that Defendant's adult son lied about the fact that he was appointed to accept service of process, service was nevertheless accomplished under Rule 4(h)(1)(A), which provides that service can be accomplished in the same manner as serving an individual under Rule 4(e). And Rule 4(e)(2)(B) permits service by leaving a copy of the summons and complaint at a corporate officer's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Therefore, service of process was proper.

The fact that the Charlie for Governor political action committee was terminated prior to filing the complaint is of no matter. First, the Defendant had notice of the Plaintiff's claims against it as far back as May of 2022, when the Defendant was still operating. In fact, Defendant had stated that time was of the essence in attempting to resolve the matter because a committee financing statement was coming due. Accordingly, the attempted termination of the Defendant Committee was improper under Pennsylvania law because the Defendant had actual notice of an unpaid claim against it exceeding $250. *See* 25 PA. CONS. STAT. § 3247. This Court has

6

previously permitted a dissolved corporation to have suit brought against it, provided that such suit is not otherwise barred by state law of the corporation's state of incorporation. *See, e.g.*, *Johnson v. Four States Enterprises, Inc.*, 355 F. Supp. 1312, 1318 (E.D. Pa. 1972), aff'd, 495 F.2d 1368 (3d Cir. 1974); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938) (holding federal court sitting in diversity must apply substantive law of the state in which it sits). Because Plaintiff's suit against a dissolved Pennsylvania entity is not barred under Pennsylvania law, the Plaintiff can proceed to assert a claim against Defendant.

Defendant's argument that the entry of default does not list a sum certain is blatantly meritless. Obtaining a default judgment in federal court is a two-step process. *Hosp. Int'l Inc. v. BM Hosp., LLC*, No. CV 22-04891-KMW-EAP, 2023 WL 6366475, at *2 (D.N.J. Sept. 29, 2023) (citing FED. R. CIV. P. 55). First, the clerk must enter a defendant's default upon a showing that the defendant has been properly served and failed to plead or otherwise defend. FED. R. CIV. P. 55(a); *id.* Second, the Plaintiff can request either the clerk enter judgment for a sum certain or move the court for a judgment under Rule 55(b)(2). FED. R. CIV. P. 55(b); *BM Hosp., LLC*, 2023 WL 6366475, at *2. Here, Plaintiff is only at step one of two. Accordingly, Defendant's contention that a clerk cannot enter default against a party without a sum certain is meritless and runs contrary to the direct text of Rule 55(a), which requires only that the defendant has "failed to plead or otherwise defend" and requires the plaintiff to make such a showing "by affidavit or otherwise." Because the Plaintiff has done so, entry of default is proper.

Third and finally, the Defendant's default was due to the Defendant's own culpable conduct. Defendant Gerow admits that it knew that Defendant Charlie for Governor was being sued and even admits that "Plaintiff has been repeatedly been so advised both orally and in writing." ECF No. 22. The standard for culpability is "more than mere negligence." *Hritz*, 732

F.2d at 1182. Rather, the standard is "willfulness or bad faith." *Id.* at 1183. This includes "acts intentionally designed to avoid compliance with court notices [and] reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate." *Id.* Here, Mr. Gerow repeatedly advised the Plaintiff that he did not represent Defendant Charlie for Governor and repeatedly urged the Plaintiff enter default against Defendant. When Plaintiff did so, Mr. Gerow now cries foul. These actions are of the very same nature that the *Hritz* court held demonstrate a defendant's culpable conduct. Therefore, because the Defendant has acted with culpable conduct, good cause for setting aside the entry of default has also not been demonstrated and the entry of default should not be set aside.

### V.   CONCLUSION

The Defendant's motion should be denied in its entirety because it is not properly brought as a motion for judgment as a matter of law or as a motion for summary judgment, because Mr. Gerow has no standing to appear and bring the motion on Defendant's behalf, and because the motion fails insofar as it is construed as one to set aside the entry of default, because no good cause has been shown. For the foregoing reasons, this Court should deny the motion.

Dated: **February 13, 2024**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

Plaintiff certifies that on February 13, 2024, he filed the foregoing via CM/ECF, which will automatically send a copy to all attorneys of record on the case. Furthermore, Plaintiff certifies that he sent a copy of the foregoing via first class mail to:

Charlie for Governor
4725 Charles Rd.
Mechanicsburg, PA 17050

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com