IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLIE FOR GOVERNOR, CHARLES GEROW, AND MARGUERITE LUKSIK<br><br>    Defendants. | Case No. 2:22-cv-04013 |

**Plaintiff's Motions *In Limine***

Now comes the Plaintiff, Andrew R. Perrong, and respectfully requests this Honorable Court enter an order barring any evidence of, reference to, or questions about Plaintiff's litigation history at the trial of this matter. Plaintiff also requests that this Court further prevent Defendant Gerow from introducing any evidence that his voice was not on the second prerecorded call which Plaintiff received. Finally, Plaintiff requests that this Court permit the Plaintiff to introduce evidence that Mr. Gerow was a Republican candidate for governor of Pennsylvania in 2022 and that the Charlie for Governor campaign was his campaign therefor. In support thereof, Plaintiff states as follows:

To be admissible, evidence must be relevant. FED. R. EVID. 402. To be relevant, evidence must have "any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may still be inadmissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

1

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The case at bar concerns alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that, with respect to the first call, Defendant was so involved in the placement of the prerecorded call to Plaintiff, which was ostensibly only placed by the Charlie for Governor Campaign, as to be deemed to have initiated that call. *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 5-72, 30 FCC Rcd. 7961, 7980-7981, ¶ 30 (July 10, 2015). Plaintiff also alleges that the Defendant had direct involvement in placing the second prerecorded call because the Defendant admitted that it was his voice on the call and that the call was prerecorded. And Plaintiff's prior litigation history has no tendency to make the existence of any fact of consequence to the determination of Defendant's liability more or less probable. Furthermore, even if Plaintiff's prior litigation history was somehow relevant, its probative value is substantially outweighed by its prejudicial effect.

*Plaintiff's prior litigation history must be excluded under Rules 403 and 404.*

The Third Circuit has stated that "evidence relating to previous litigation involving the parties," let alone unrelated previous litigation, is "routinely" excluded under Rule 403. *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992). Drawing on the Third Circuit's holding in *Blancha*, the Eastern District of Pennsylvania distinguishes between litigation history used as character evidence, which is inadmissible under Rules 403 and, by extension, 404(b), and litigation history used as impeachment evidence, which may be admissible. *Otto v. Com. St. Cap.*, No. CIV.A. 12-2472, 2013 WL 2357623, at *2 (E.D. Pa. May 29, 2013). Mere evidence of litigiousness is insufficient to satisfy the defendant's burden under Rule 404(b). *Id.* at *3. In line with the Third Circuit's holding in *Blancha*, this Court routinely excludes evidence of prior

lawsuits when intended to be introduced as character evidence. *E.g.*, *Leahy v. Salem*, No. CV 10-3933, 2011 WL 13263541, at *4 (E.D. Pa. Feb. 4, 2011).

The Supreme Court adopts a four-part test when conducting a Rule 404(b) analysis for propensity evidence. *First*, the Court must first determine whether the evidence is being introduced for a proper purpose under Rule 404(b). *Second*, it must be relevant under Rule 402. *Third*, it must pass a Rule 403 analysis. *Fourth*, if the first three factors are met, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

Evidence of Plaintiff's prior litigation history would not be directed towards a proper purpose because it would not be establishing anything at issue in this case. It would simply be introduced as propensity and/or character evidence to show that the Plaintiff is a person who has filed similar TCPA lawsuits before, which is plainly impermissible under the Third Circuit's holding in *Blancha* and the other cases in this Court holding the same. *Second*, the evidence is not relevant. Plaintiff is not on trial, and any claims of his other lawsuits do nothing to advance the determinations of whether Defendants' actions constitute violations of the TCPA. *Third*, such evidence also flunks a Rule 403 analysis in that the prejudicial effect of any such evidence would substantially outweigh its probative value. Plaintiff's prior litigation history also poses a significant threat of unfairly prejudicing the jury against Plaintiff, such that its prejudicial effect would substantially outweigh its probative value.

As this Court noted in *Leahy*, there is an inherent prejudice associated with evidence of the litigiousness of a party. *See Leahy*, 2011 WL 13263541, at *4. As the Second Circuit has noted, "a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Outley v. City of*

3

*New York*, 837 F.2d 587, 592 (2nd Cir. 1988); *see also Nelson v. City of Chicago*, 810 F. 3d 1061, 1071 (7th Cir. 2016) ("We fail to see how evidence of Nelson's other suits qualifies as impeachment. Nothing in his direct testimony could be contradicted by evidence that he had filed other suits against the City."); *Barker v. Yassine*, No. 2:11-cv-00246-AC, 2016 WL 4264149 at *2 (E.D. Cal. August 15, 2016) ("Defendant here does not elaborate on how evidence of plaintiff's other lawsuits would be used to show plaintiff's 'bias and motive to sue,' but defendant appears to suggest that plaintiff's acts of filing other lawsuits shows his litigious inclination. This is a prohibited use under Rule 404. To the extent defendant's proposed admission of the evidence falls within a permissible use under Rule 404(b)(2), the court finds the probative value of the evidence is substantially outweighed by the danger of unfair jury bias against the chronic litigant."); *Design Basics, LLC v. Drexel Building Supply, Inc.*, No. 13-C-560, 2016 WL 5794746 at *6, (E.D. Wisc. Oct. 4, 2016) ("Plaintiff seeks to exclude any reference to any suggestion that it is a frequent litigant, a copyright 'troll,' or that litigating copyright claims is part of its business model. The Defendant has not explained how any such evidence would be relevant to any of the facts at issue before the jury. The Plaintiff is not on trial, and thus its own history of litigation is irrelevant to any of the questions the jury must consider.").

Therefore, evidence of Plaintiff's prior litigation history, including the very fact that he has filed TCPA lawsuit previously, is inadmissible and should be barred at trial.

*This Court must not permit Defendant to claim that his voice was not on the second prerecorded call. The Defendant's deposition testimony must be admitted and other evidence to the contrary excluded.*

As more fully set out in Plaintiff's motion for summary judgment, after an introductory recording voiced by former Defendant Luksik, Defendant Gerow's voice came on the line on the

4

second prerecorded call the Plaintiff received. Mr. Gerow listened to the recording of the second call at his deposition. He testified that the recording had his voice, that it was prerecorded, and that he used his telephone to record it. (Gerow Dep. 14:3–7, 13).

The fact that Gerow made the prerecorded message sent in this call by recording it renders him directly liable for placing it under the TCPA's provisions. Under the TCPA, an individual may be directly liable for a TCPA violation if an individual had "direct, personal participation in or personally authorized the conduct found to have violated the statute." *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 162 (3d Cir. 2018).

The Third Circuit went on to comment on the appropriateness of the district court's jury instructions in this case by noting that a person is personally liable for TCPA violations if he "actually committed the conduct that violated the TCPA." *Id.* Courts regularly uphold personal liability against individual Defendants in TCPA cases when they were alleged to have voiced the call at issue. *Perrong v. Space Coast Marketing, LLC*, No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019) (imposing individual liability on individual alleged to have voiced the call); *accord Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013) (imposing liability on corporate officer when the corporate officer paid for and authorized advertisements).

Accordingly, permitting Gerow to introduce evidence or make statements, as foreshadowed in his own motion *in limine*, that he did not record or otherwise participate in the call is inappropriate for two reasons. First, and most obviously, such statements would tend to confuse the jury and cause them to become bogged down in confusing a factual issue of whether or not the Defendant's voice was on the calls with the legal one of the Defendant's direct liability for the aforementioned call. Relatedly, any such argument is a legal one for the Court to

determine, not a factual issue reserved for summary judgment. As such, Mr. Gerow should not be permitted to contend that his voice was not on the calls or that he was not liable for the call based on some vague legal theory that the call was placed by his campaign but nevertheless contained his voice.

*The Plaintiff should be permitted to introduce background evidence on the Defendant's campaign.*

Defendant's motion *in limine* appears to argue that, because there is allegedly a lack of evidence supporting the assertion that Mr. Gerow had direct, personal participation in the first call, and because he contends that service of process on his political action committee was improper, that the Plaintiff should not be permitted to "mention, refer to, or attempt to elicit in any manner at trial any testimony inferring or suggesting that Defendant Gerow controlled or is otherwise responsible for the alleged acts or conduct of Defendant Charlie for Governor."

Granting Defendant's motion *in limine* would run contrary to common sense and further demonstrates that the Plaintiff *must* introduce, mention, refer to, and elicit testimony surrounding the fact that the Charlie for Governor PAC was the PAC organized for Defendant Charlie for Governor. Defendant cites to no reason why evidence surrounding personal liability for the first call under the TCPA is at all improper. Indeed, with respect to the first call Plaintiff received, which was not voiced by Gerow, the Plaintiff must elicit such testimony in order to advance his case on either direct personal liability under the TCPA or on vicarious liability grounds under common law principles of agency to permit the factfinder to determine whether or not Mr. Gerow was acting as an agent of the Charlie for Governor PAC when the first call was placed, or indeed, who directly or vicariously placed the first call as an initial matter, including whether Mr. Gerow is personally liable for such conduct.

6

In *City Select*, the Third Circuit considered the appropriateness of a jury instruction that asked the jury to determine whether a personal defendant in a TCPA action had a "significant level" of involvement in the calls and furthermore whether the individual defendant (1) had direct, personal participation in the conduct found to have violated the TCPA, or (2) personally authorized the conduct found to have violated the TCPA" such as to be liable under the TCPA's vicarious officer liability standard. *City Select*, 885 F.3d at 162. Plaintiff must elicit the aforementioned testimony in order to present a case under which the jury could find the aforementioned requirements under the TCPA, as the Court appropriately instructed for the jury to decide in the aforementioned case.

In sum, the Plaintiff must be permitted to elicit testimony from Defendant Gerow relating to the Charlie for Governor campaign, including that that was *his personal campaign* for governor of Pennsylvania and his involvement in the campaign. This testimony will buttress and further develop the testimony elicited at Mr. Gerow's deposition with respect to his involvement in the Charlie for Governor campaign. The Plaintiff must also be permitted to introduce evidence and elicit testimony that Mr. Gerow was the candidate for whom the campaign was organized and similar relevant, admissible testimony. Plaintiff must do so in order to demonstrate that, with respect to the first call, Mr. Gerow had "active oversight of, or control over, the conduct that violated the TCPA, rather than merely tangential, routine, passive or ministerial involvement." *City Select*, 885 F.3d at 162.

Furthermore, to prohibit such testimony would be profoundly confusing to the jury as the jury would be left guessing as to why or whether another individual was sending the calls on behalf of the campaign or even if Mr. Gerow, who enjoys little name recognition and finished

7

with less than 30,000 votes in the Republican primary, was ever a candidate for governor. Therefore, such testimony must be permitted, not excluded.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order granting Plaintiff's motion *in limine* admitting and excluding the evidence described herein.

Dated: **February 21, 2024**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on February 21, 2024, he filed the foregoing via CM/ECF, which will automatically send a copy to all attorneys of record on the case. Furthermore, Plaintiff certifies that he sent a copy of the foregoing via first class mail to:

Charlie for Governor
4725 Charles Rd.
Mechanicsburg, PA 17050

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com