IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ANDREW R. PERRONG,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **CHARLIE FOR GOVERNOR, et al.,** | : | NO. 2:22-cv-4013-MRP |
| | : | |
| Defendants. | : | |

Perez, J.                                                                                                                         March 4, 2024

## MEMORANDUM

      Plaintiff Andrew R. Perrong commenced this action against Defendants Charles Gerow, Charlie for Governor, and Marguerite Luksik, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Perrong specifically alleges that Defendants placed two "campaign-related prerecorded robocall[s]" to his telephone number in violation of Section 227(b)(1)(A)(iii). Count I of the Complaint alleges the Defendants violated the TCPA by using a prerecorded voice during the calls. Count II alleges Defendants violated the TCPA by using an automatic telephone dialing system. In response to the Complaint, Gerow filed an Answer. Neither Charlie for Governor nor Luksik entered an appearance or responded to the Complaint. Upon Perrong's request, the Clerk's office entered a default against Charlie for Governor. Now pending before the Court are cross-motions for summary judgment filed by Perrong and Gerow, respectively. Gerow also moves to open or set aside the default entered against Charlie for Governor.[1]

---

[1] Perrong and Gerow are attorneys admitted to practice in the Eastern District of Pennsylvania. And yet their briefing, or lack thereof, fails to comport with the most elemental principles underlying motions practice. Among the litany of violations of this Court's Local Rules of Civil

There is a paucity of facts for this Court to consider.[2] Gerow testified that he never heard the calls at issue until his deposition, he is not familiar with the phone number from which Perrong received the calls, and he did not know who authorized them.[3] The first call was voiced by Luksik.[4] The second call was voiced by Luksik, a robot, and Gerow.[5] Gerow admitted that at least his portion of the second call was prerecorded using a telephone.[6] In light of these facts, and for the reasons that follow, this Court grants summary judgment against Perrong and in favor of Gerow. The Court also grants Gerow's motion to open or set aside the default entered against Charlie for Governor.

I. **LEGAL STANDARD**

Summary judgment is warranted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party fails to make a showing sufficient to establish an element essential to its case, and on which it bears the burden of proof at trial, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the . . . party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A primary

---

Procedure, the Parties declined to support all their contentions with cites to legal authority and the record. In addition, Gerow did not respond to Perrong's motion for summary judgment, nor did he accompany his own motion for summary judgment with a brief. Consequently, the facts provided in Perrong's motion for summary judgment are deemed undisputed. *See* Fed. R. Civ. 56(e).

[2] Most of the evidence in this case comes from Perrong and Gerow's deposition testimony. The deposition transcripts clearly demonstrate the tension between Perrong and Gerow, but they do not offer significant testimony related to the elements of the TCPA claim. Compounding the problem, it appears the parties declined to engage in document discovery, and Perrong never deposed the other named defendants.

[3] *See* ECF No. 18-3 at 12:10–22, 13:9–12, 14:1–2.
[4] ECF No. 18-1 at ¶ 5.
[5] ECF No. 18-1 at ¶ 6.
[6] ECF No. 18-3 at 14:3–7.

purpose of summary judgment is to eliminate factually unsupported claims or defenses. *Id.* at 323–24.

## II.     DISCUSSION

Read generously, Gerow's motion for summary judgment and motion to open and set aside judgment suggests that Charlie for Governor was not properly served. Because this issue touches upon whether this Court has jurisdiction over Charlie for Governor, we address it first. Next, we will assess the merits of the motion for summary judgment and motion to open or set aside judgment.

### A.     Service of Process

As the party asserting service was proper, Perrong bears the burden of proving this issue. *Gabros v. Shore Med. Ctr.*, 74 F. App'x 119, 121 (3d Cir. 2018). Perrong served Gerow and Charlie for Governor at the same address. He argues that he served Charlie for Governor under Rule 4(h)(1)(B) by delivering a copy of the summons and complaint to Gerow's son, who is purportedly authorized to accept service on behalf of Charlie for Governor. The issue here is that Perrong fails to provide a mere scintilla of evidence that establishes that Gerow's son was an "agent authorized . . . to receive service of process[.]" *See* Fed. R. Civ. P. 4(h)(1)(B). Without more, there is no basis to conclude that Charlie for Governor was properly served under Rule 4(h)(1)(B).

Perrong alternatively argues that pursuant to Rule 4(h)(1), service may be effectuated under Rule 4(e)(2)(B). This is a misstatement of law. Rule 4(h)(1) points to Rule 4(e)(1) as a proper means of service, and Perrong has failed to show how he properly served Charlie for Governor under Rule 4(e)(1). Rule 4(e)(1) provides that service may be effectuated in accordance with Pennsylvania law. Pennsylvania law requires the sheriff to serve original process, except in limited circumstances inapplicable to this case. *See* Pa. R. Civ. P. 400(a). Because Perrong used a service processor rather than the sheriff, service was improper under both the Federal and Pennsylvania

rules. This Court therefore concludes that Charlie for Governor was not served in accordance with the law and should be dismissed from this action.

  **B.**  **TCPA Claim**

In his motion for summary judgment, Perrong seeks to voluntarily dismiss Count Two of the Complaint and his claims against Luksik. Rule 41(a)(2) grants the Court discretion to dismiss a claim or a party upon a plaintiff's request. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions to avoid such prejudice." *Carroll v. E-One, Inc.*, No. 15-CV-0562, 2016 WL 4702145, at *2 (E.D. Pa. Sept. 8, 2015). Considering there are no objections from the Defendants, and upon a finding that dismissal would not prejudice the Defendants, Perrong's request for voluntary dismissal is granted. Only Count I against Gerow remains.

The TCPA prohibits a person from "mak[ing] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number . . . for which the called party is charged for the call[.]" 47 U.S.C. § 227(b)(1)(A)(iii). To succeed on a TCPA claim, a plaintiff must therefore show that (1) the defendant made a call to plaintiff's telephone number; (2) using an artificial or prerecorded voice; and (3) the plaintiff was charged for the call. Defendant Gerow's motion for summary judgment contests only the first prong—whether he made the calls at issue.

"A TCPA plaintiff can establish that the defendant 'made' a call through theories of direct or vicarious liability." *Aaronson v. CHW Grp., Inc.,* No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019). Direct liability exists where there is evidence suggesting the defendant actually initiated the call. *Id.* Perrong provides no evidence that Gerow initiated the offending calls.

Gerow testified that he never heard the calls until his deposition, he did not know who authorized the calls, and he was unfamiliar with the phone number from which Perrong received these calls.[7] In light of these undisputed facts, and without additional evidence, a reasonable trier of fact cannot find that Gerow is directly liable. *See Smith v. Direct Bldg. Supplies, LLC*, No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (concluding that there was no direct liability where the plaintiff alleged that the defendant made the prerecorded calls without any supporting facts).

Vicarious liability may be established under common law principles of agency, including actual authority, apparent authority, and ratification. *See Aaronson*, 2019 WL 8953349, at *3. There is actual authority when "the [principal] consented to or directed the agent to act on its behalf." *Landy v. Nat. Power Sources, LLC*, No. 3:21-cv-425, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021). "'Apparent authority exists where the principal, by words or conduct, leads people with whom the alleged agent deals to believe that the principal has granted the agent the authority he purports to exercise.'" *Klein v. Just Energy Grp., Inc.*, No. 14-1050, 2016 WL 3539137, at *11 (W.D. Pa. June 29, 2016) (quoting *Richardson v. John F. Kennedy Mem'l Hosp.*, 838 F. Supp. 979, 985 (E.D. Pa. 1993)). Finally, a principal "ratifies an act by manifesting assent that the act shall affect the person's legal relations, or [by] conduct that justifies a reasonable assumption that the person so consents." *Id.* at *12. Importantly, "[a]n entity cannot be held liable under the TCPA merely because they stand to benefit from the call." *Landy*, 2021 WL 3634162, at *3.

There is no evidence that shows Gerow consented to or directed anyone to place the two calls. Again, Gerow testified that he did not know who authorized the calls, and Perrong provides no evidence to suggest otherwise. Perrong did not depose any purported agents of Gerow, nor did he produce any documents suggesting that Gerow led *anyone* to believe he consented to the placing

---

[7] *See* ECF No. 18-3 at 12:10–22, 13:9–12, 14:1–2.

of the calls. The most that Plaintiff offers is that "it makes sense" that Gerow would authorize the calls to advance his political agenda.[8] However, it is well-settled that "[s]imply proffering 'believable' theories in hopes of weathering [a] motion for summary judgment is inadequate to reclaim one's cause of action." *Shearer v. AIG Direct Ins. Servs., Inc.*, No. 1:15-cv-1416, 2016 WL 5462085, at *3 (M.D. Pa. Sept. 29, 2016).

At bottom, the record is devoid of sufficient evidence for a reasonable jury to conclude that Gerow made the two calls. Because Plaintiff has not produced sufficient evidence to support an element of his TCPA claim, summary judgment must be granted. Judgment will be entered against Perrong and in favor of Gerow.

### C. Motion to Open and Set Aside Judgment

Gerow filed a "motion to open or set aside the default judgment" entered against Charlie for Governor. Despite the motion's title, only a default was entered against Charlie for Governor—not a default judgment.[9] In considering whether to set aside a default entry or default judgment, courts in the Third Circuit consider three factors: (1) whether the plaintiff would be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). Here, we need not assess these factors because we have already determined that Charlie for Governor was not properly served. Improper service by itself is grounds for setting aside a default entry. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). Because the default was improperly entered, Gerow's motion to open or set aside the default is granted.

---

[8] ECF No. 18 at 7.
[9] ECF No. 20.

### III.    CONCLUSION

For the foregoing reasons, Perrong's motion for summary judgment is denied, and Gerow's motion for summary judgment is granted. Gerow's motion to set aside judgment is also granted. Appropriate orders follow.