IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLIE FOR GOVERNOR, CHARLES GEROW, AND MARGUERITE LUKSIK<br><br>　　　　Defendants. | Case No. 2:22-cv-04013 |

**Plaintiff's Pretrial Memorandum**

Plaintiff has read and reviewed the Court's Memorandum Opinion and Order of March 4, 2024 granting Defendant's motion for summary judgment. However, after the Court entered its order, the Defendant filed a pretrial memorandum which was due today. Plaintiff believes that the flying of such a memorandum is moot, given the grant of summary judgment. However, out of respect for this court, in light of the Defendant's filing, as well as because of the ambiguities raised therein, the Plaintiff likewise files a trial memorandum. Pursuant to the Federal Rules of Civil Procedure and this Court's scheduling order, the Plaintiff submits this following pretrial memorandum.

　　a. **DETAILED FACTS OF THE CASE**

　　This case is rather straightforward. Plaintiff alleges that he received two prerecorded calls which were placed by or on behalf of the Defendants Charlie for Governor and Charles Gerow. Those calls were placed to Plaintiff's telephone number for which he is charged for the call, both upon calling it and per minute. Those calls violated the TCPA's prohibition against calling such numbers using an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii).

1

As more fully articulated in the Plaintiff's motion for summary judgment, which has been unopposed, there is no dispute (1) that the plaintiff received the calls complained of, (2) that the plaintiff was charged for the calls complained of, (3) that the calls complained of were pre-recorded, and (4) that no evidence of consent has been produced. Thus, as a matter of law, the Plaintiff is entitled to judgment in his favor of $500 per call, which can be up to trebled if this Court or the jury finds that they were made knowingly or willfully. 47 U.S.C. § 227(b)(3)(B).

The only basis upon which Mr. Gerow attempts to move for cross-move for summary judgment, and therefore the only material fact even potentially in dispute, is Mr. Gerow's general denial that he did not direct the illegal robocalls complained of and that he did not organize nor orchestrate the calling campaign. Accordingly, any jury trial will necessarily focus on Mr. Gerow's liability for the conduct at issue. It should be noted that Defendant Charlie for Governor is in default, but in the event that Mr. Gerow's attempt to set aside the entry of default against Defendant Charlie for Governor through his motion for judgment as a matter of law is granted, then the jury will also need to determine this Defendant's liability as well.

There are two calls at issue in this litigation. The first prerecorded call was sent to promote a prerecorded telephone town hall that would occur the following day in support of Mr. Gerow's campaign and candidacy for governor of Pennsylvania. This call, which was voiced by Marguerite Luksik, was sent through the TeleTownHall robocall platform. Another individual on the Gerow campaign, Congressman G.T. Thompson, suggested the use of this platform to Mr. Gerow. As a result, Mr. Gerow is at least vicariously (if not directly) liable for this call. Accordingly, to the extent that this Court holds that liability as to this call is disputed with respect to either Mr. Gerow or Charlie for Governor, the Plaintiff intends to introduce evidence and elicit testimony, including from Mr. Gerow, as to his involvement in or authorization for the

2

calls sufficient to support a holding that the calls were made or initiated by him and thus sufficient to prove either direct or vicarious liability under the TCPA.

Mr. Gerow's liability for the second call is all the more straightforward. Mr. Gerow admitted in his deposition that he recorded that call in advance, and his voice is heard on the call. And as more fully outlined in Plaintiff's various motions, courts are uniformly in agreement that, as a matter of law, one whose voice is heard on a prerecorded call is sufficiently involved in its placement and initiation such as to be directly liable for it under TCPA purposes. This is also true, even if the party sought to be held liable was not the only voice on the call; multiple parties can make or initiate a call under the TCPA. Accordingly, Mr. Gerow is unquestionably directly liable for this call. To the extent that Mr. Gerow disputes that it is his voice on the call, the jury must listen to the recording of the call as well as Mr. Gerow's voice to determine if such denial is accurate.

Courts that have addressed the personal liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they had "direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 U.S. Dist. LEXIS 85663, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (reasoning, in pertinent part, that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Balt.-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008) (observing that if the defendants "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed the conduct," they could be held individually liable for the statutory violations).

3

Finally, the calls were placed knowingly and/or willfully such as to entitle the Plaintiff to an award of treble damages. Courts across the country routinely hold that whether or not a defendant's conduct under the TCPA was knowing and/or willful such as to subject the defendant to treble damages thereunder, if disputed, will be left to a jury to determine. *See, e.g.*, *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 570 (E.D. Pa. 2019); *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 424 (E.D.N.Y. 2013); *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 227 (D. Mass. 2014); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 983 (N.D. Cal. 2019). Importantly, under the TCPA, treble damages are *not* punitive but rather are compensatory. As such, because the Plaintiff has demonstrated willful or knowing conduct – that is, that the defendant knew that calls were being placed, he is entitled to treble damages. *See Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 779 (11th Cir. 2011). In the event that this Court is unconvinced that Plaintiff has demonstrated as much, a jury will need to weigh the evidence of whether Mr. Gerow know that the calls were being placed.

Accordingly, in the event that Plaintiff's motion for summary judgment is not granted, the Plaintiff will present evidence into and the jury will be required to determine two, and only two things. First, it will need to determine whether, in accordance with the applicable case law, sufficient evidence has been presented to hold that Mr. Gerow (or Charlie for Governor) made or initiated either such calls, either directly or indirectly, such as to be directly or vicariously liable for such calls. Second, it will need to determine whether Mr. Gerow knew that the calls were being placed such as to entitle the Plaintiff to an award of treble damages.

b. **PLAINTIFF'S EXPECTED WITNESSES**

1. Andrew Perrong. Mr. Perrong will testify about the calls he received, as well as present testimony about each of the calls he received sufficient to meet each element of his TCPA claim. The Plaintiff will also testify and introduce evidence as to each of the two issues outlined above to demonstrate that Mr. Gerow is liable for each of the calls because he legally placed them and that Mr. Gerow knew that the calls were being made such as to entitle Plaintiff to treble damages.

2. Charles Gerow. Mr. Gerow will testify about the calls, his campaign for governor, and his involvement in the campaign, including the sending the calls, as well as all facts surrounding the calls, most especially those regarding his liability for them and his knowledge of them.

c. **IDENTITY OF EACH EXPERT WITNESS**

None.

d. **CURRICULUM VITAE FOR EACH EXPERT WITNESS**

None.

e. **VIDEOTAPED TRIAL TESTIMONY**

None.

f. **DEPOSITION TESTIMONY**

Plaintiff does not intend to use deposition testimony in his case-in-chief. However, Plaintiff reserves the right to use deposition testimony for impeachment, to refresh recollection, and in any other matter permitted by the Federal Rules of Evidence.

g. **DAMAGES**

Damages under the TCPA are set by statute at $500 per violation. 47 U.S.C. § 227(b)(3)(B). Plaintiff alleges one violation per call of the prohibition against sending calls using an "artificial or prerecorded voice" 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, the Plaintiff seeks statutory damages of $1,000. Plaintiff also seeks treble damages if he can prove that Mr. Gerow knew that the calls were taking place.

h. **STIPULATIONS**

None.

i. **OBJECTIONS TO EVIDENCE**

Plaintiff has filed a motion *in limine* to preclude evidence of his prior litigation history as well as to preclude Mr. Gerow from offering testimony contrary to that presented in his deposition. Similarly, Plaintiff moves to introduce critical background evidence on Mr. Gerow's campaign and the fact that he was a candidate for governor of Pennsylvania and that the calls were sent as part of his campaign. Although Mr. Gerow cross-moves for a motion *in limine*, such motion is far from a model of clarity. As best Plaintiff can gather, Mr. Gerow seeks to preclude the introduction of evidence that he organized and orchestrated the calls by virtue of placing them as part of his campaign for governor. As Plaintiff's response makes clear, there is no basis for excluding such evidence, which Plaintiff will use to demonstrate Mr. Gerow's involvement and participation in the calls at issue, one of the two issues in this case.

### j. LEGAL ISSUES ON WHICH THE COURT WILL BE EXPECTED TO RULE

Once the jury has determined whether or not the Plaintiff has presented sufficient evidence to demonstrate Mr. Gerow's direct or vicarious liability for the two calls at issue, by him either placing them himself (as in the second call), or being vicariously liable for his agents' conduct in placing them (as in the first call), the Court will need to determine as a matter of law whether a violation of the TCPA occurred. There is no dispute as to any of the other elements of the TCPA claim, that the Plaintiff received a call, that the call was prerecorded, and that the call was placed to Plaintiff's number for which Plaintiff was charged. Similarly, the Defendant has not produced any evidence of any affirmative defense of consent. Thus, if the jury finds Mr. Gerow directly or vicariously liable for the calls because he made or initiated them (including through an agent), the Court can find a TCPA violation occurred. Similarly, if the jury finds that Mr. Gerow knew that the calls were taking place, this Court can find that the Plaintiff and demonstrated knowingness/wilfulness under the TCPA that entitles him to treble damages.

Plaintiff anticipates filing a pre-charge jury instruction on the issues of liability and knowingness/wilfulness.

Dated: **March 4, 2024**

/s/
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

**CERTIFICATE OF SERVICE**

Plaintiff certifies that on March 4, 2024, he filed the foregoing via CM/ECF, which will automatically send a copy to all attorneys of record on the case. Furthermore, Plaintiff certifies that he sent a copy of the foregoing via first class mail to:

Charlie for Governor
4725 Charles Rd.
Mechanicsburg, PA 17050

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com